IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOWELL and GINA SMITH, individually,
and on behalf of others similarly situated,

    Plaintiffs,

  v.

FLAGSTAR BANK, FSB, a federal savings
bank, and DOES 1-100, inclusive,

    Defendants.

No. C 18-02350 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this putative class action for breach of contract, defendant moves to dismiss the complaint in its entirety. For the following reasons, defendant's motion is **GRANTED**.

## STATEMENT

In October 2004, plaintiffs Lowell and Gina Smith obtained a mortgage loan to finance their purchase of real property located in California from an unrelated third party. To provide security for the loan, plaintiffs executed a deed of trust on a standard Fannie Mae/Freddie Mac form. Plaintiffs allege that prior to 2012, defendant Flagstar Bank, took over the servicing of plaintiffs' mortgage account and remained the loan servicer until a subsequent servicing transfer to an unrelated servicer in August 2015. Plaintiffs also allege that defendant, while servicing their mortgage, maintained an escrow account pursuant to the deed of trust and held plaintiffs' money in that escrow account. During the period that defendant serviced plaintiffs' mortgage

and held plaintiffs' money in escrow, defendant accrued no interest on the funds despite a California statute requiring interest on such accounts.

Plaintiffs' complaint alleges a violation of unfair competition law, California Business & Professions Code §§ 17200 *et seq.*, California Civil Code § 2954.8(a), and breach of contract by defendant. All claims arise out of defendant's failure to pay interest on an escrow account when defendant serviced plaintiffs' loan under a deed of trust between 2011 and 2015. Defendant now moves to dismiss the complaint on the grounds that plaintiffs' claim is preempted and that plaintiffs have failed to comply with the notice-and-cure provision pursuant to the deed of trust (Compl. ¶¶ 11–12, 16–17).

**ANALYSIS**

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. All material allegations of the complaint are taken as true and are considered in the light most favorable to the nonmoving party. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1. **HOLA PREEMPTION.**

Both of plaintiffs' claims are based on California Civil Code § 2954.8(a), which requires the following:

> Every financial institution that makes loans upon the security of real property containing only a one- to four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.

Defendant does not dispute the fact that no interest was paid on the escrow account held as security for the property taxes and insurance pursuant to the deed of trust. And, since no interest was paid, plaintiffs use this alleged violation as a basis for their unfair competition law claim as well as a breach of contract for violating the deed of trust.

2

Defendant replies that Section 2954.8(a) was preempted, at the times in question, by the Home Owners' Loan Act (HOLA), 12 U.S.C. §§ 1461-68, and by an implementing regulation thereunder by the Office of Thrift Supervision (OTS), 12 C.F.R. § 560.2. Section 560.2(a) stated in relevant part:

> (a) Occupation of field. Pursuant to sections 4(a) and 5(a) of the HOLA, 12 U.S.C. 1463(a), 1464(a), OTS is authorized to promulgate regulations that preempt state laws affecting the operations of federal savings associations when deemed appropriate to facilitate the safe and sound operation of federal savings associations, to enable federal savings associations to conduct their operations in accordance with the best practices of thrift institutions in the United States, or to further other purposes of the HOLA.

HOLA, at the relevant time, provided that field preemption applied to escrow and other mortgage servicing activities of federal thrifts like defendant Flagstar Bank. Subsection 560.2(b) expressly preempted any claim related to "[e]scrow accounts."

Defendant's argument, however, cannot be squared with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank), which effectively dissolved the OTS. *See* Dodd-Frank Act § 1046 (codified at 12 U.S.C. § 1465). The Dodd-Frank Act responded to the 2008 mortgage crisis by creating a uniform body of law to govern all federal financial regulatory agencies. As part of the reform, agencies such as the OTS which previously regulated federal thrifts became part of the Office of the Comptroller of the Currency (OCC) which now regulates all federal financial institutions.

In light of this reform, plaintiffs correctly rely on *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185 (9th Cir. 2018). In *Lusnak*, the defendant failed to pay interest on the plaintiff's escrow account and the plaintiff sued under California Civil Code § 2954.8. *Lusnak* held that the National Bank Act that then governed national banks via the Office of the Comptroller of the Currency, did not preempt Section 2954.8. *Id.* at 1197. Due to the Dodd-Frank reform, the standard that applied to the OCC articulated in *Lusnak* applies to the instant case since federal thrifts such as defendant are no longer governed by the OTS.

Defendant attempts to circumvent this problem by arguing that the Dodd-Frank Act is not retroactive. Defendant relies on the fact that plaintiffs' mortgage was entered into on

3

1  October 27, 2004, and that Flagstar Bank did not begin servicing plaintiffs' loan until April 19,
2  2011.[1]  Dodd-Frank's effective transfer date was July 21, 2011, one year after its enactment on
3  July 21, 2010.  12 U.S.C. § 5411.  This transfer date corresponded with the anticipated transfer
4  of functions, powers, and duties of the OTS to the OCC, followed by the permanent abolishment
5  of the OTS ninety days later.  *See* 12 U.S.C. §§ 5411–16.  Since defendant's conduct began
6  before Dodd-Frank's effective date, defendant bank still enjoys, it says, the previous preemption
7  standard under the OTS.  This order disagrees in part.

8  Plaintiffs allege that during the entire time defendant serviced plaintiffs' loan from 2011
9  to 2015, no interest was ever paid on the escrow account.  This would mean that defendant's
10 alleged failure to pay interest violated Section 2954.8(a) after the effective date of the
11 Dodd-Frank Act.  Therefore, even if missed interest accruals before the effective date enjoyed
12 the same field preemption standard under the old regime, all payments due after the effective
13 date should have been paid.  That the deed of trust originated in the earlier time frame cannot
14 change the fact that interest payments fell due after the new regime took hold.  Therefore,
15 defendant's motion to dismiss on the grounds that the HOLA preempts Section 2954.8(a) is
16 **DENIED**.

17     **2.    NOTICE-AND-CURE PROVISION.**

18  Defendant bank next argues that plaintiffs failed to provide notice before commencing
19 litigation and subsequently did not allow defendant to cure the problem in a reasonable time
20 pursuant to Section 20 of the deed of trust.  Section 20 of the deed of trust stated:

> **20. Sale of Note; Change of Loan Servicer;
> Notice of Grievance.**
>
> The Note or a partial interest in the Note (together with this
> Security Instrument) can be sold one or more times without prior
> notice to Borrower.  A sale might result in a change in the entity

---

[1] A court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Documents incorporated by reference in the complaint, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), and "[f]acts subject to judicial notice may be considered on a motion to dismiss" without converting the motion to one for summary judgment, *Maiman v. Talbott*, 2011 WL 13065750, at *2 (C.D. Cal. Aug. 29, 2011) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). Defendant's request for judicial notice of Exhibit B, notice of servicing transfer, is **GRANTED**.

4

> (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Serivcer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with the notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.
>
> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.[2]

Plaintiffs failed to comply with the notice-and-cure provision of the deed of trust before commencing the instant lawsuit. Instead, plaintiffs argue that because defendant is not the original lender and merely a loan servicer, Section 20 does not apply to defendant's conduct. However, Section 13 of the deed of trust explicitly states "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." The expressed language of the deed of trust provided separate definitions for

---

[2] A court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). "[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994). Therefore, defendant's request for judicial notice of Exhibit A, the deed of trust, is **GRANTED**.

5

"Lender" and "Loan Servicer."  But nevertheless, the Loan Servicer is an assignee of the Lender with respect to the collection of the loan payments and is therefore entitled to relief under Section 20.  *Giotta v. Ocwen Loan Servicing*, *LLC,* 706 F. App'x 421 (9th Cir. 2017).

From experience, the Court realizes that this provision was intended mainly to protect the borrower and to give an opportunity to cure a missed loan payment.  Nevertheless, the provision is written to apply against both borrower and lender such that both must give notice and an opportunity to cure before commencing litigation.

This notice-and-cure provision comes from standard language used in Fannie Mae/Freddie Mac forms and was construed by our Judge Beth Freeman to bar a borrower's claim against the bank lender.  *Giotta v. Financial Corporation,* No. 15-cv-00620-BLF, 2016 WL 4447150 (N.D. Cal. Aug. 24, 2016).  That decision involved different claims, namely claims by a borrower in default for a violation of the federal Fair Debt Collections Practices Act and California's Unfair Competition Law.  By contrast, here we have a borrower who is not in default and has been cheated out of the escrow interest required by California law.  Nevertheless, it is hard to see why this distinction should make a difference.  In a non-precedential decision, our court of appeals affirmed Judge Freeman.  *Giotta*, 706 F. App'x 421 (9th Cir. 2017).  As a result, this order sees no alternative but to **GRANT** the motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 21, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6